# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOHN ANDERSON,

      Plaintiff,

                                         Case No: 8:25-cv-582

      v.

WHIP AROUND, INC.,

      Defendant.

_____.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, John Anderson, by and through the undersigned counsel, herein sues the Defendant, Whip Around, Inc. (Defendant) pursuant to 29 U.S.C. Section 201 *et seq.* of the Fair Labor Standards Act and for unpaid commissions and states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, John Anderson (Plaintiff), brings this action for violation of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq.,* (FLSA). Plaintiff alleges that he is entitled to unpaid overtime wages, as required by 29 U.S.C. Section 207.

2. The FLSA is our nation's foremost wage law. The overtime requirements of the FLSA were meant to apply financial pressure to spread employment to avoid the extra wage and to assure workers additional pay to

compensate them for the burden of a work week beyond the hours fixed in the act. *See In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. § 213.

3.      Plaintiff worked for Defendant as Inside Sales Representative.

4.      Plaintiff worked for Defendant remotely from his home located in Hillsborough County, Florida.

5.      Throughout Plaintiff's employment with the Defendant he was required to work in excess of forty (40) hours per week in order to complete his job duties and did so but without any additional payment or premium for overtime hours.

6.      Pursuant to policy and plan, Defendant failed to pay Plaintiff a premium for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

7.      The Defendant should have, but did not, compensate Plaintiff for all overtime hours worked in excess of forty (40) hours per workweek.

8.      The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion.  Plaintiff reserves all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over Plaintiff's FLSA claim

pursuant to 28 U.S.C. Section 1331, because this action involves a Federal Statute, 29 U.S.C. Section 201, *et seq.*

10.    This Court has personal jurisdiction over this action because the damages at issue occurred in Hillsborough County, Florida.

11.    Venue is proper to this Court pursuant to 29 U.S.C. Section 216(b).

12.    This Court has Supplemental Jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

13.    At all times relevant to this action, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. Section 203(e)(1).

14.    Defendant, WHIP AROUND, INC is a Delaware corporation, with its principal office located in North Carolina at 6302 Fairview Road, Suite 309, Charlotte, NC 28210.

15.    Defendant may be served through its registered agent, Seifer Flatow, PLLC, located at 2319 Crescent Avenue, North Charlotte, NC 28207.

16.    Defendant is a provider of Fleet Maintenance Software for businesses.

17.    The overtime wage provisions set forth in 29 U.S.C. Section 207 applies to the Defendant, as they engage in interstate commerce under the definition of the FLSA and have annual gross revenues of more than $500,000.00 over the past 3 years.

18.    Defendant should be well aware that the FLSA requires the regular rate

of pay calculation to include not only the base salary, but the bonuses and commissions in the calculation; thus the overtime rates of the Plaintiff must be based upon not just the base salary, but the commissions and bonuses as well.

19. All conditions precedent to the filing of this action have been performed.

## FACTUAL BACKGROUND

20. Plaintiff was employed by the Defendant, as an Inside Sales Representative (ISR) working under the title of Sales Development Representative (SDR) from approximately September 1, 2021 to April 15, 2024.

21. Plaintiff's primary duty was to sell Defendants services to other businesses.

22. All of Plaintiff's job duties were routine and standardized, and according to set procedures as created by Defendant.

23. Plaintiff did not fire employees or hire employees.

24. Plaintiff did not supervise 2 or more full time employees as contemplated by the FLSA and executive exemption.

25. Plaintiff routinely worked hours in excess of 40 hours per week throughout his employment with Defendant.

26. Defendant paid Plaintiff on a salary plus commissions basis.

27. Defendant drafted and created the commission structure applicable to Plaintiff.

28. Defendant promised to pay Plaintiff commissions based on Monthly sold Revenue and Monthly on Target Incentive. The commission structure applicable to Plaintiff is attached here as Exhibit 1.

29. Defendant has not paid Defendant for all commissions Plaintiff earned.

30. Defendant did not track and record the work hours of Plaintiff.

31. Despite regularly working in excess of 40 hours per week during his employment with Defendant, Plaintiff was never paid an overtime premium of any amount, either half time or a one and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

32. Defendant did not have reasonable grounds or a good faith basis under the FLSA to classify Plaintiff as exempt from overtime pay or to claim that Plaintiff's position fell within any of the exemptions to the overtime provisions of the FLSA.

33. Plaintiff's job position was subject to the FLSA wage provisions.

## COUNT I
## Failure to Pay Overtime Compensation in Violation of the FLSA
## 29 U.S.C. § 201, *et seq.*

34. Plaintiff adopts and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

35.    Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. Section 203(e)(1).

36.    The Defendant is Plaintiff's "employer" within the meaning of 29 U.S.C. Section 203(d).

37.    The overtime wage provision set forth in FLSA Section 207 applies to Defendant as it has engaged in commerce under the definition of the FLSA and has revenues of greater than $500,000 annually.

38.    Throughout Plaintiff's employment with Defendant as an SDR, he was not paid overtime compensation for all hours worked in excess of forty (40) per week.

39.    Plaintiff did not exercise the requisite discretion, management, and independent judgment with respect to matters of significance to be classified as exempt under the FLSA.

40.    Plaintiff did not have disciplinary authority or discretion and was not involved in hiring and firing of employees.

41.    Plaintiff's primary job duty did not require the exercise of independent discretion and judgment in matters of significance, as his primary job duty was to develop qualified "warm" leads for other people in the company to attempt to sell Defendant's services to other businesses.

42.    Plaintiff did not make decisions as an exempt administrator would, nor did he create policy.

43.   Plaintiff did not "manage" a department or manage other employees.

44.   Defendant is aware or should have been aware of the FLSA overtime rate calculations, its provisions and exemptions, and knows, or should have known, that withholding overtime wages from Plaintiff constituted a willful violation of the FLSA.

45.   Defendant knew that since Plaintiff did not have decision making authority and discretion, and did not interview, hire, fire or have discretion to discipline employees that he was a non-exempt employee and should have been paid overtime wages.

46.   Defendant has thus willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime wages to Plaintiff for all hours worked in excess of forty (40) per week.

47.   During the relevant time period, Defendant required Plaintiff, an employee under the FLSA, to regularly work in excess of forty (40) hours in a work week without payment of overtime.  Defendant was aware Plaintiff was working over 40 hours routinely to perform his job duties.

48.   Defendant knowingly and willingly failed to pay Plaintiff proper overtime wages at a rate of time and one half his regular rate of pay, or alternatively a half time premium of his regular rate of pay for all such overtime hours, for the purposes of decreasing labor costs and maximizing profitability.

49.   Evidence reflecting the precise number of overtime hours worked by

Plaintiff is in the possession of Defendant in some manner or form. If these records are unavailable, Plaintiff may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

50. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Sections 207 and 216(b) of the FLSA.

51. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

## COUNT II
## BREACH OF CONTRACT

52. Plaintiff realleges and incorporates by reference all above paragraphs as if fully set forth herein.

53. Defendant has knowingly, intentionally and willfully failed and refused to pay to Plaintiff the full and complete amount of the commissions Plaintiff earned.

54. Plaintiff entered into a written commission contract with Defendant. Defendant promised to pay Plaintiff commissions based on Monthly sold Revenue and Monthly on Target Incentive. The commission structure applicable to Plaintiff is attached here as Exhibit 1.

55. Plaintiff performed all of the duties and obligations required of him by Defendant that would entitle him to receive commissions.

56. Plaintiff has met all lawful conditions precedent to the earning of commissions.

57. Defendant has not paid Plaintiff for all of the commissions earned by Plaintiff.

58. Plaintiff has suffered financial harm as a result of Defendant's breach of contract.

**COUNT III**
**UNJUST ENRICHMENT**

59. Plaintiff realleges and incorporates by reference all above paragraphs as if fully set forth herein.

60. Plaintiff conferred upon Defendant the benefit of the sales opportunities of Defendant's services at the expense of Plaintiff's time, effort, and labor and Defendant had knowledge thereof.

61. Defendant voluntarily accepted, retained and appreciated the benefit of Plaintiff's sales opportunities of Defendant's services.

62. It would be inequitable for Defendant to retain the value of Plaintiff's sales opportunities of Defendants services without payment for its value.

**COUNT IV**
**PROMISSORY ESTOPPEL**

63.    Plaintiff realleges and incorporates by reference all above paragraphs as if fully set forth herein.

64.    Defendant represented to Plaintiff that he would be paid commissions at agreed upon rates and terms and conditions which Defendant now denies are due and payable.

65.    Plaintiff relied upon Defendant's representation regarding the commission rates and terms and conditions.

66.    Defendant's representation and Plaintiff's reliance thereon caused a change in Plaintiff's position to Plaintiff's detriment.

**WHEREFORE**, Plaintiff, John Anderson, demands judgment against Defendant for overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, and reasonable attorneys' fees and costs (pursuant to section 216 of the FLSA), A Judgment finding Plaintiff is due his full commissions as promised by Defendant; award of Plaintiff's attorneys' fees, costs, and expenses (pursuant to F.S. § 448.08); and such other and further relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated March 11, 2025.

Respectfully submitted by,

*/s/Mitchell Feldman*.
Mitchell Feldman, Esq.
**Feldman Legal Group**
12610 Race Track Road, Suite 225
Tampa, FL 33626
mfeldman@flandgatrialattorneys.com
tel 813 639-9366, fax: 813 639-9376
*Lead Counsel for Plaintiff*