IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN ANDERSON,

        Plaintiff,                Case No.: 8:25-cv-00582-JSM-TGW

v.

WHIP AROUND, INC.,

        Defendant.

_____/

## DEFENDANT'S, WHIP AROUND, INC., ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, WHIP AROUND, INC. ("WHIP AROUND"), by and through its undersigned counsel, and pursuant to all applicable rules of the Federal Rules of Civil Procedure, hereby files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, and as grounds therefore would state as follows:

## PRELIMINARY STATEMENT

1. WHIP AROUND admits Paragraph 1 of Plaintiff's Amended Complaint for jurisdictional purposes only.

2. WHIP AROUND is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint and therefore, denies same and demands strict proof thereof.

3. WHIP AROUND denies the allegations contained in Paragraph 3 of

Plaintiff's Amended Complaint and demands strict proof thereof.

4.     WHIP AROUND denies the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint and demands strict proof thereof.

5.     WHIP AROUND denies the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint and demands strict proof thereof.

6.     WHIP AROUND denies the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint and demands strict proof thereof.

7.     WHIP AROUND denies the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint and demands strict proof thereof.

8.     WHIP AROUND is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint and therefore, denies same and demands strict proof thereof.

## PARTIES, JURISDICTION AND VENUE

9.     WHIP AROUND admits Paragraph 9 of Plaintiff's Amended Complaint for jurisdictional and venue purposes only.

10.     WHIP AROUND is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint and therefore, denies same and demands strict proof thereof.

11.     WHIP AROUND is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint

2

and therefore, denies same and demands strict proof thereof.

12. WHIP AROUND is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint and therefore, denies same and demands strict proof thereof.

13. WHIP AROUND is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint and therefore, denies same and demands strict proof thereof.

14. WHIP AROUND is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint and therefore, denies same and demands strict proof thereof.

15. WHIP AROUND admits Paragraph 15 of Plaintiff's Amended Complaint for jurisdictional and venue purposes only.

16. WHIP AROUND admits Paragraph 16 of Plaintiff's Amended Complaint for jurisdictional and venue purposes only.

17. WHIP AROUND admits Paragraph 17 of Plaintiff's Amended Complaint.

18. WHIP AROUND admits it engaged in interstate commerce. WHIP AROUND is without sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 18 of Plaintiff's Amended Complaint and therefore, denies same and demands strict proof thereof.

19.    WHIP AROUND is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint and therefore, denies same and demands strict proof thereof.

20.    WHIP AROUND is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint and therefore, denies same and demands strict proof thereof.

**FACTUAL BACKGROUND**

21.    WHIP AROUND admits that Plaintiff was working under the title of Sales Development Representative from approximately September 1, 2021 to April 15, 2024.

22.    WHIP AROUND admits Paragraph 22 of Plaintiff's Amended Complaint.

23.    WHIP AROUND denies the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint and demands strict proof thereof.

24.    WHIP AROUND admits Paragraph 24 of Plaintiff's Amended Complaint.

25.    WHIP AROUND admits Paragraph 25 of Plaintiff's Amended Complaint.

26.    WHIP AROUND admits Paragraph 26 of Plaintiff's Amended Complaint.

4

27.     WHIP AROUND admits Plaintiff did not supervise 2 or more full-time employees.  WHIP AROUND is without sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 27 of Plaintiff's Amended Complaint and therefore, denies same and demands strict proof thereof.

28.     WHIP AROUND denies the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint and demands strict proof thereof.

29.     WHIP AROUND admits Plaintiff was paid salary and commissions.

30.     WHIP AROUND would assert that Plaintiff is not entitled to be paid for overtime hours worked as Plaintiff did not work overtime hours.

31.     WHIP AROUND admits Paragraph 31 of Plaintiff's Amended Complaint.

32.     WHIP AROUND would assert that the language of the commissions structure attached as Exhibit 1 speaks for itself.

33.     WHIP AROUND denies the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint and demands strict proof thereof.

34.     WHIP AROUND denies the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint and demands strict proof thereof.

35.     WHIP AROUND denies the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint and demands strict proof thereof.

36.     WHIP AROUND denies the allegations contained in Paragraph 36 of

Plaintiff's Amended Complaint and demands strict proof thereof.

37.    WHIP AROUND would assert that Plaintiff did not work hours in excess of forty (40) hours per week entitling him to overtime under the provisions of the FLSA.

38.    WHIP AROUND admits Paragraph 38 of Plaintiff's Amended Complaint.

## COUNT I
## Failure to Pay Overtime Compensation in Violation of the FLSA
## 29 §U.S.C. 201, et seq.

39.    WHIP AROUND reasserts and reavers Paragraphs 1 through 38 as is set forth herein.

40.    WHIP AROUND is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint and therefore, denies same and demands strict proof thereof.

41.    WHIP AROUND is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint and therefore, denies same and demands strict proof thereof.

42.    WHIP AROUND denies the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint and demands strict proof thereof.

43.    WHIP AROUND denies the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint and demands strict proof thereof.  Plaintiff did not

work overtime hours.

44.    WHIP AROUND is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint and therefore, denies same and demands strict proof thereof.

45.    WHIP AROUND admits Paragraph 45 of Plaintiff's Amended Complaint.

46.    WHIP AROUND admits Paragraph 46 of Plaintiff's Amended Complaint.

47.    WHIP AROUND admits Paragraph 47 of Plaintiff's Amended Complaint.

48.    WHIP AROUND admits Paragraph 48 of Plaintiff's Amended Complaint.

49.    WHIP AROUND denies the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint and demands strict proof thereof.

50.    WHIP AROUND denies the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint and demands strict proof thereof.

51.    WHIP AROUND denies the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint and demands strict proof thereof.

52.    WHIP AROUND denies the allegations contained in Paragraph 52 of Plaintiff's Amended Complaint and demands strict proof thereof.

53.    WHIP AROUND denies the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint and demands strict proof thereof.

54.    WHIP AROUND denies the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint and demands strict proof thereof.

55.    WHIP AROUND denies the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint and demands strict proof thereof.

56.    WHIP AROUND admits that evidence reflecting the precise number of hours worked by Plaintiff is in possession of WHIP AROUND in some manner or form.  WHIP AROUND denies Plaintiff worked overtime hours.  WHIP AROUND is without sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 56 of Plaintiff's Amended Complaint and therefore, demands same and strict proof thereof.

57.    WHIP AROUND denies the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint and demands strict proof thereof.

58.    WHIP AROUND denies the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint and demands strict proof thereof.

**COUNT II**
**BREACH OF CONTRACT**

59.    WHIP AROUND reasserts and reavers Paragraphs 1 through 31, 33 through 38 as is set forth herein.

60.    WHIP AROUND denies the allegations contained in Paragraph 60 of

8

Plaintiff's Amended Complaint and demands strict proof thereof.

61.     WHIP AROUND admits Paragraph 61 of Plaintiff's Amended Complaint.

62.     WHIP AROUND denies the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint and demands strict proof thereof.

63.     WHIP AROUND denies the allegations contained in Paragraph 63 of Plaintiff's Amended Complaint and demands strict proof thereof.

64.     WHIP AROUND denies the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint and demands strict proof thereof.

65.     WHIP AROUND denies the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint and demands strict proof thereof.

**COUNT III**
**UNJUST ENRICHMENT**

66.     WHIP AROUND reasserts and reavers Paragraphs 1 through 30, 32 through 38 as is set forth herein.

67.     WHIP AROUND admits Paragraph 67 of Plaintiff's Amended Complaint.

68.     WHIP AROUND denies the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint and demands strict proof thereof.

69.     WHIP AROUND denies the allegations contained in Paragraph 69 of Plaintiff's Amended Complaint dand demands strict proof thereof.

## COUNT IV
## PROMISSORY ESTOPPEL

70.    WHIP AROUND reasserts and reavers Paragraphs 1 through 30, 32 through 38 as is set forth herein.

71.    WHIP AROUND admits Paragraph 71 of Plaintiff's Amended Complaint.

72.    WHIP AROUND is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 72 of Plaintiff's Amended Complaint and therefore, denies same and demands strict proof thereof.

73.    WHIP AROUND denies the allegations contained in Paragraph 73 of Plaintiff's Amended Complaint and demands strict proof thereof.

74.    Any allegation not specifically admitted herein is denied and strict proof is demanded thereof.

## AFFIRMATIVE DEFENSES

1.    WHIP AROUND affirmatively avers that Plaintiff has failed to state a cause of action upon which relief may be granted.  Specifically:

    a. Plaintiff cannot maintain a claim for unjust enrichment under the existing valid contract between the Parties;

    b. Plaintiff cannot maintain a claim for promissory estoppel under the existing valid contract between the Parties.

2.    WHIP AROUND affirmatively avers that Plaintiff, is not entitled to

10

attorneys' fees, costs and expenses pursuant to <u>Fla. Stat.</u> §448.08 as Plaintiff has not pled a cause of action under <u>Fla. Stat.</u> §448.07.

3.     WHIP AROUND affirmatively avers that Plaintiff's claim under 29 §U.S.C. 201, et seq. is barred by the applicable statute of limitations of two (2) years as WHIP AROUND did not willfully violate the FLSA.

4.     WHIP AROUND affirmatively avers that Plaintiff's Complaint under 29 §U.S.C. 201, et seq. is barred by the applicable statute of limitations as Plaintiff is asserting entitlement to overtime wages for a period of more than three (3) years after Plaintiff alleges WHIP AROUND failed to pay overtime wages.

5.     WHIP AROUND affirmatively avers that Plaintiff is estopped from claiming entitlement to overtime wages as Plaintiff represented the amount of time worked through Customer Relationship Management software ("CRM") and WHIP AROUND had no knowledge of the employee's actual hours to the extent the employee worked hours greater than what was represented in the CRM.

6.     WHIP AROUND affirmatively avers that Plaintiff's claims are barred as any alleged acts or omissions by WHIP AROUND were in good faith conformance with a written administrative regulation, order, ruling approval or interpretation by the administrator of the wage and hour division of the US Department of Labor or an administrative practice or enforcement policy of such agency and/or judicial orders and interpretations with respect to the class of

11

employers to which WHIP AROUND belongs.

7. WHIP AROUND affirmatively aver they are not liable for liquidated damages under the circumstances of this case because WHIP AROUND at all times acted in good faith and had reasonable grounds for believing their acts or omissions were not in violation of the FLSA.

8. WHIP AROUND affirmatively aver that Plaintiff's claims are barred, in whole or in part, by the statutory exclusions, exceptions, or credits under the FLSA.

9. WHIP AROUND affirmatively avers that the claims of Plaintiff are barred, in whole or in part, to the extent the time periods Plaintiff is claiming overtime entitlement are de-minimus.

10. WHIP AROUND affirmatively avers that Plaintiff's Amended Complaint is frivolous, vexatious, and without foundation and that WHIP AROUND is entitled to costs and attorneys' fees pursuant to 29 §U.S.C. 201, et seq.

11. WHIP AROUND reserves the right to add additional affirmative defenses as they may present themselves during the course and scope of discovery.

## DEMAND FOR JURY TRIAL

Defendant, WHIP AROUND, INC., hereby demands trial by jury of all issues so triable as a matter of right.

12

## **CERTIFICATE OF SERVICE**

I certify that a copy of this document has been furnished via the CM/ECF Official Court Electronic Document Filing System on this 5th day of May, 2025 to the following: *(counsel for Plaintiff)* Mitchell Feldman, Esq.; Feldman Legal Group; 12610 Race Track Rd, Suite 225; Tampa, FL 33626; mfeldman@flandgatrialattorneys.com.

/s/ Adam C. Herman
Adam C. Herman, Esq.
Florida Bar No: 0146961
THE ORLANDO LAW GROUP, PL
12200 W. Colonial Dr., Suite 100
Winter Garden, FL 34787
Telephone:  407-512-4394
Facsimile:   407-955-4654
E-mail: aherman@theorlandolawgroup.com
        dbroxson@theorlandolawgroup.com
        jolivio@theorlandolawgroup.com
Attorney for Defendant

13